IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| CONNIE STEELMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-3433-CV-S-RED |
| RIB CRIB #18, | ) | |
| Defendant. | ) | |

| CONNIE STEELMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-3439-CV-S-RED |
| BAT KIM, LLC d/b/a Color Tile Shopping Center, | ) | |
| Defendant. | ) | |

| CONNIE STEELMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-4333-CV-S-RED |
| PLAZA TOWERS CENTER, LLC, | ) | |
| Defendant. | ) | |

| CONNIE STEELMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 12-3061-CV-S-RED |
| EXPRESSWAY ENTERPRISES, LLC, | ) | |
| Defendant. | ) | |

| | |
|---|---|
| **CONNIE STEELMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-3071-CV-S-RED |
| ) | |
| **CAMELOT CENTER,** ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| **CONNIE STEELMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-3077-CV-S-RED |
| ) | |
| **FOXBOROUGH SUITES, LLC** ) | |
| **d/b/a Foxborough Inn & Suites** ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| **CONNIE STEELMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-3080-CV-S-RED |
| ) | |
| **HOBSAN, LLC d/b/a Hobby Lobby** ) | |
| **Shopping Center** ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| **CONNIE STEELMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-3090-CV-S-RED |
| ) | |
| **KPAC Limited Partnership d/b/a** ) | |

| | | |
|---|---|---|
| **Parkcrest Center Shopping Center** | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| **CONNIE STEELMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 12-3098-CV-S-RED** |
| | ) | |
| **VILLAGE SHOPPING CENTER, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| **CONNIE STEELMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 12-3102-CV-S-RED** |
| | ) | |
| **JAMES WEHR d/b/a Phillips 66,** | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| **CONNIE STEELMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 12-3112-CV-S-RED** |
| | ) | |
| **YORK CENTER, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| **CONNIE STEELMAN,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
|         vs. | )    Case No. 12-3127-CV-S-RED |
| | ) |
| **CAROLINA PROPERTIES d/b/a** | ) |
| **Carolina Mills Factory Outlet** | ) |
| | ) |
|         **Defendant.** | ) |

## ORDER

Now before the Court is the issue of standing in each of the above captioned cases. Plaintiff has filed twelve separate complaints[1] in the Western District of Missouri. Each complaint alleges that the respective Defendant violated Title III of the Americans with Disabilities Act ("ADA") and requests the Court issue declaratory judgment, grant injunctive relief, and award Plaintiff attorney fees, costs and litigation expenses. Plaintiff alleges that she is "bound to ambulate in a wheelchair."

We have consolidated all of these cases for discovery and ordered the parties to provide briefs addressing Plaintiff's standing. Since the Court provided this Order, Plaintiff's counsel withdrew from the cases and Plaintiff has not retained new counsel. Accordingly, the Court set forth an order indicating that, since Plaintiff did not retain new counsel within a specified time period, it considered Plaintiff as proceeding pro se. In this Order, the Court gave Plaintiff thirty days to respond to Defendants' pending motions and briefs regarding standing. The time period has now ended and Plaintiff has filed, in each of the pending cases, what appears to be another complaint or

---

[1]Each complaint is identical except that Plaintiff alleges different ADA violations against each Defendant, which is seen in paragraph 10 of the complaints.

motion for declaratory judgment and a motion to proceed in forma pauperis[2]. The only other filings are Plaintiff's responses to Defendant Bat Kim and Defendant Rib Crib's motions to dismiss, which were done when Plaintiff was represented by attorney Daniel Weidner. All but three defendants[3] have provided the Court with a brief of some sort regarding the standing issues.

## DECISION

**I.    Law re: Standing**

Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA provides a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies. Therefore, a plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). To show Article III standing, Plaintiff has the burden of proving: "(1) that he or she suffered an 'injury-in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 660-61 (1992). Federal courts are required to examine jurisdictional issues such as standing

---

[2] Plaintiff's motions to proceed in forma pauperis are moot as all of these cases have been filed for a significant period of time and, thus, the filing fees have already been paid.

[3] The defendants are Expressway Enterprises LLC, Village Shopping Center LLC and York Center LLC.

5

sua sponte. *United States v. Hays*, 515 U.S. 737, 742 (1995).

In order to dismiss a case for lack of subject matter jurisdiction, i.e. standing, the complaint must either be successfully challenged on its face or on the factual truthfulness of the averments. *Brown v. Grand Island Mall Holdings, Ltd.,* 2010 WL 489531 at *1 (D.Neb 2010) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)); *Brown v. Grandmother's, Inc.*, 2010 WL 611002 at *7 (D. Neb. 2010). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Brown v. Grand Island* at *1 (citing *Salley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)). In a factual challenge to jurisdiction, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims; further, plaintiff will have the burden of proving that jurisdiction does in fact exist. *Brown v. Grand Island* at *2 (citing *Titus* at 593 n. 1). As we gave the parties the chance to brief the issue of standing and, thus, the ability to rely on arguments and exhibits outside of the complaint, this is a factual challenge to Plaintiff's standing. *See Brown v. Grand Island* at *2. Therefore, Plaintiff has the burden to prove standing and the Court does not have to presume that Plaintiff's allegations are, in fact, true.

In *Steger v. Franco*, 228 F.3d 889 (8th Cir. 2000), the United States Court of Appeals for the Eighth Circuit concluded only one of five plaintiffs had standing to challenge a building's non-compliance with the ADA. *Id.* at 893. Five Plaintiffs sued Franco, Inc. to bring one of its buildings, the Clayton Central Building (the "CCB"), into compliance with the ADA. *Id.* at 891. Two plaintiffs testified they had never actually been inside or did not remember being inside the CCB.

*Id*. Plaintiff Patrick Burch, a blind man, testified he entered the CCB to use the first floor men's restroom, but was unable to locate it because it was not marked with raised lettering, braille, or other signage. *Id*. Burch testified "he frequently visit[ed] government offices and private businesses in Clayton as a sales and marketing employee for the St. Louis Lighthouse for the Blind." *Id*.

The *Steger* court stated that, to show an injury in fact, the plaintiff must allege a harm that is "concrete and particularized" and "actual or imminent", not one that is merely "conjectural or hypothetical." *Steger* at 892. Specifically, as applied to standing to seek injunctive relief under Title III, it means that a plaintiff must have a concrete, particularized and credible plan to return to Defendant's place of business for use of the accommodations. *See id.* "Although plaintiff[s] need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying, [she] must at least prove knowledge of the barriers and that [she] would visit the building in the imminent future but for those barriers. *Id*. (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167 (2000)). A mere intent to return to Defendant's place of business "some day" is insufficient. *Id.* at 893. Moreover, the plaintiff needs to show that the barriers relate to his or her particular disability. *Id*. at 893.

Accordingly, the *Steger* court concluded the two plaintiffs who had never visited the CCB and the other plaintiffs who did not testify lacked standing because they did not present evidence showing an intent to access the CCB in the future. *Id*. The Eighth Circuit found Burch suffered an injury, and therefore had standing, because he tried to access the men's bathroom in the CCB, but was unable to do so. *Id*. The court next addressed the scope of Burch's standing. The Eighth Circuit opined Burch had standing to challenge all ADAAG violations that related to his blindness, even though he did not personally encounter each violation. *Id*. In application, this meant that

7

Burch had standing to challenge not only the men's bathroom violation, but all ADAAG violations related to his particular disability. *Id*. at 893-94.

Furthermore, when determining whether Plaintiff's complaint is deficient in showing a likelihood of future injury, so as to entitle her to injunctive relief, "courts have been guided by: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant." *Brown v. Grandmother's, Inc.* at *6. When applying these factors to Plaintiff's case, it is clear that Plaintiff has not shown the likelihood of a future injury.

### A. Proximity of the Place of Public Accommodation to Plaintiff's Residence

Plaintiff alleges that she lives in Martin County, Florida for part of the year and Salem, Missouri for the other part of the year.[4] Salem is approximately 130 miles from Springfield, where most of the Defendants' businesses are located and approximately 160 miles from Branson, where the rest of the Defendants' business are located. Martin County, Florida is over 900 miles from both Springfield and Branson. As the distance between a plaintiff's residence and a public accommodation increases, the likelihood of future harm decreases. Specifically, "[w]here the distance between the two is significant, especially if it is in excess of 100 miles, courts have often held that such a distance weighs against finding a reasonable likelihood of future harm." *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1163-64 (C.D.Cal. 2005) (citing *Delil v. El Torito Rest.*, 1997 WL 714866 at *3 (N.D.Cal. 1997) (holding that plaintiff failed to establish likelihood of future harm

---

[4] The Court notes that this statement is inconsistent with the filings that Plaintiff has made in her Florida cases involving Title III discrimination.

because she lived over 100 miles from restaurant); *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1373 (M.D.Fla. 2004) (concluding that the plaintiff failed to establish likelihood of future harm in part because he lived 280 miles from hotel); *Hoepfl v. Barlow*, 906 F.Supp. 317, 320 (E.D.Va 1995) (finding plaintiff failed to establish likelihood of future harm where she had moved to a different state than defendant doctor)); *See also Disabled Patriots of America, Inc. v. City of Trenton*, 2008 WL 4416459 (D.N.J. 2008) (concluding that because Plaintiff lived over 100 miles away from Defendant's business, Plaintiff's "reasonable likelihood of future harm" is decreased). Therefore, this factor weighs in Defendants' favor.

### B. Past Patronage of Defendants' Businesses

A plaintiff can establish a likelihood of future injury based on her previous visits to a defendant's facility and a present desire to return to the location. *Disabled Patriots* at *5. However, "where a plaintiff visits a public accommodation 'only once, the lack of a history of past patronage seems to negate the possibility of a future injury at [that] particular location.'" *Id.* (quoting *Molski* at 1164).

In each of Plaintiff's complaints, she alleges that she has visited each of Defendants' businesses. Plaintiffs complaints, however, do not indicate when she visited, why she visited, or how many times she has visited each business. The only evidence which indicates that Plaintiff has actually been to each of Defendants' businesses is a July 20, 2011 receipt from Rib Crib and her own allegation that she visited Rib Crib on July 20, 2011 and has visited this Rib Crib many times. Plaintiff also indicated, in her response to Defendant's motion to dismiss in the *Bat Kim* case, that she visited various locations as a tester for the ADA. Nonetheless, Plaintiff's patronage of the various businesses is put into question as in certain cases she has set forth statements that, in reality,

are false. For example, in *Bat Kim* Plaintiff alleges that the property consists of a KFC, when it does not, and in *Plaza Towers*, Plaintiff alleges that there are violations regarding the pool and hotel, when the relevant business is not a hotel and does not have a pool.

## C. Definitiveness of Plaintiff's Plans to Return

"'[An] ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that [s]he intends to return to the Facility." *Brown v. Grand Island* at *3. When "a plaintiff lacks 'concrete plans to return,' the Court must satisfy itself that a plaintiff's professed intent to return is sincere and supported by the facts." *Molski* at 1164. Moreover, "[c]ourts have found that a serial plaintiff's extensive litigation history can undercut a professed intent to return." *Id.* (citing *Steven Brother v. Tiger Partner*, LLC, 331 F.Supp.2d 1368, 1374-75 (M.D.Fla 2004)).

Here, Plaintiff's complaints allege that she "plan[s] to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant." The only other place where Plaintiff argues that she will return to the relevant property is in her response to Defendant's motion to dismiss in the *Rib Crib* case where she asserts that she intends to visit that particular Rib Crib this August when she returns to the area. Moreover, Plaintiff has filed a total of 67 ADA lawsuits in Florida and Missouri, which detracts from Plaintiff's assertion that she intends to return to each of these businesses.

## D. Plaintiff's Frequency of Travel Near Defendant

Plaintiff alleges that she visited the Springfield/Branson area in 2010 and 2011, when she allegedly stayed in Missouri for 4-5 months to visit family; this is set forth in Plaintiff's signed statement. Plaintiff also sets forth a receipt from a Springfield Rib Crib dated July 20, 2012. However, other than this evidence, Plaintiff's complaints make no allegations regarding her

10

frequency of travel near the Springfield/Branson area.

## CONCLUSION

The long and short of it is that Plaintiff has filed 67 ADA lawsuits in Florida and Missouri, has been inconsistent in her allegations regarding residence, and has not set forth sufficient arguments to persuade the Court that she does have standing to pursue relief in the above captioned cases. For these reasons and the reasons set forth above, the Court concludes that Plaintiff has not demonstrated injury in fact and, thus, does not have standing to sue. *See Brown v. Grand Island* (holding that plaintiff did not have standing to sue as her "failure to provide dates for any visits to the Grand Island Mall prior to [the date the suit was filed], or to describe the purpose of those visits, or to produce any supporting documentation casts doubt on whether she will patronize the shopping center in the future. She has not expressed any definite intention to return, nor has she even indicated that she is often in the vicinity of the shopping center, for that matter, that she generally shops for herself or is interested in any of the products or services (whatever they may be) that are provided at the Grand Island Mall. The only known fact is that [Plaintiff] resides in Grand Island, which is not a large city."). For these reasons, the above captioned cases are **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED** as **MOOT**.

Finally, the Court will address the propriety of awarding attorney fees. A court can award a prevailing defendant attorney fees pursuant to 42 U.S.C. § 12205 if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 994 (8th Cir. 2003)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). As stated in *Young v. New Process Steel, LP,* 419 F.3d 1201, 1205-06 (11th Cir. 2005), which quoted the Supreme Court's

11

opinion in *Christianburg*, "'while Congress [by awarding attorney fees to a prevailing party] wanted to clear the way for suits to be brought under the [underlying civil rights] Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis'" as this policy "would discourage groundless lawsuits." *Young* at 1205-06 (quoting *Christianburg* at 420).

Plaintiff has filed 67 ADA lawsuits in 18 months, and, accordingly, fits the mold of a "serial plaintiff." Plaintiff's former counsel, in his Motion to Withdraw, stated that even though he had advised Plaintiff that her only remedy would be injunctive relief and, potentially attorney fees, she repeatedly demanded to be awarded monetary damages. Furthermore, upon review of the complaints, the Court has found that, not only are Plaintiff's claims groundless, but that Plaintiff's complaints contain misidentifications regarding the nature and property against which she has filed a federal lawsuit. This raises a question as to whether Plaintiff has even visited the properties in question. These are the types lawsuits from which defendants should be protected. Plaintiff's groundless complaints forced Defendants to incur unnecessary attorney fees. Accordingly, for the above stated reasons, the Court will award each Defendant attorney fees. Each Defendant shall file a bill of costs within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

DATED:	September 12, 2012		*/s/ Richard E. Dorr*
					RICHARD E. DORR, JUDGE
					UNITED STATES DISTRICT COURT